# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYCE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00077-JMB |
| | ) | |
| SCOTT WEBER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Bryce Davis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be denied and dismissed without prejudice as prematurely filed, as petitioner has not yet exhausted his available state remedies. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and 28 U.S.C. § 2254(b)(1)(A).

## Background

Petitioner is a self-represented litigant who is currently incarcerated at the Fulton Reception and Diagnostic Center in Fulton, Missouri. On January 31, 2022, petitioner was charged by information with vehicle hijacking, domestic assault, second-degree kidnapping, armed criminal action, unlawful possession of a concealable firearm, tampering with a victim, and unlawful use of a weapon. *State of Missouri v. Davis*, No. 21BT-CR01743-01 (36th Jud. Cir., Butler County).[1] On December 13, 2022, pursuant to a plea agreement, the State of Missouri filed an amended information charging petitioner with second-degree robbery. Petitioner pled guilty and was

---

[1] Petitioner's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

sentenced to fifteen years' imprisonment in the Missouri Department of Corrections. He did not file a direct appeal.

On January 16, 2023, petitioner filed the instant 28 U.S.C. § 2254 petition by placing it in his institution's mailing system. (Docket No. 1 at 12).[2]

Shortly thereafter, on January 23, 2023, petitioner timely filed a motion to vacate, set aside, or correct the judgment or sentence in state court, pursuant to Missouri Supreme Court Rule 24.035.[3] *Davis v. State of Missouri*, No. 23BT-CV00157 (36th Jud. Cir., Butler County). The Rule 24.035 motion is still pending before the circuit court.

## The Petition

The petition is on a Court-provided 28 U.S.C. § 2254 petition for writ of habeas corpus form. In the petition, petitioner asserts that he is challenging the judgment in *State of Missouri v. Davis*, No. 21BT-CR01743-01, in which he pled guilty to second-degree robbery and was sentenced to fifteen years' imprisonment. (Docket No. 1 at 1). He acknowledges that he has not made any attempt to exhaust his state remedies, asserting that he "can't appeal" because he "[pled] out," and that this petition "is the only way [he] know[s]" to challenge his conviction. (Docket No. 1 at 4). However, as noted above, petitioner subsequently filed a motion to vacate, set aside, or correct the judgment or sentence in state court, under Missouri Supreme Court Rule 24.035.[4]

The petition contains four separate grounds for relief. First, petitioner alleges a "lack of evidence," stating that there is no evidence to support a robbery conviction, and that his conviction has no connection to the reasons for which he was originally incarcerated.

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

[3] Under Missouri Supreme Court Rule 24.035, if a petitioner does not file an appeal, he must file his motion to vacate or set aside "within 180 days of the date the sentence is entered." Mo. S.Ct. R. 24.035(b). Petitioner was sentenced on December 13, 2022, and filed his Rule 24.035 motion on January 23, 2023, 41 days later. This is well within the 180-day period, and is therefore timely.

[4] Rule 24.035 is the specified manner for challenging a conviction or sentence after a guilty plea has been entered.

2

Second, petitioner argues that his sentence is excessive, explaining that he "was told that if [he] didn't take the 15 years [he] was looking at over 100 years," and that the "crime [he] actually committed was dismissed." (Docket No. 1 at 6).

Third, petitioner claims ineffective assistance of counsel, asserting that his lawyer barely spoke with him, did not gather any evidence, and was always too busy to see him. (Docket No. 1 at 7).

Finally, petitioner contends that his prosecution was malicious. (Docket No. 1 at 9). By way of support, he asserts that law enforcement was dispatched for a burglary in progress, but when they arrived, there was no sign of a burglary. Instead, petitioner states that he "was charged with hijacking, kidnapping, armed criminal action, unlawful use of a weapon, [and] unlawful possession of a firearm," all "without any evidence whatsoever to back the charges."

## Discussion

Petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to undertake a preliminary review of habeas petitions before ordering a response. Based on that review, and for the reasons discussed below, the Court will deny and dismiss the petition as prematurely filed, as petitioner has not yet completed the exhaustion of his state remedies.

### A. Exhaustion Requirement

Under 28 U.S.C. § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner in state custody seeking relief pursuant to § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v.*

*Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); and *Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

In this case, petitioner was sentenced in state court on December 13, 2022. He did not file a direct appeal, and the time for filing such an appeal has expired. *See* Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after

4

the judgment, decree, or order appealed from becomes final"). Nevertheless, petitioner still has available state remedies. Specifically, Missouri Supreme Court Rule 24.035 allows a prisoner convicted pursuant to a guilty plea to file a motion "claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law." Mo. S.Ct. R. 24.035(a). Indeed, Rule 24.035 "provides the exclusive procedure" by which petitioner may seek relief. If no direct appeal is taken, such a motion must be filed within 180 days of sentencing. Mo. S.Ct. R 24.035(b).

The instant petition indicates that petitioner did not avail himself of any state remedies. However, following the submission of his 28 U.S.C. § 2254 petition for writ of habeas corpus, petitioner filed a Rule 24.035 motion in the state circuit court. *See Davis v. State of Missouri*, No. 23BT-CV00157 (36th Jud. Cir., Butler County). The motion was filed 41 days after sentencing, and well within the 180-day period for filing a motion under Rule 24.035. The motion is still pending before the circuit court. Because petitioner has not completed the state court process, he has clearly not exhausted his available state remedies, and the instant petition for writ of habeas corpus under § 2254 is premature. Therefore, the petition shall be denied and dismissed without prejudice.

   B. **Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). More particularly, petitioner has a

5

Missouri Supreme Court Rule 24.035 motion pending before the circuit court. As he has not completed his state court processes, this petition is premature, and will be denied and dismissed. This dismissal shall be without prejudice, and should not be construed as preventing petitioner from filing a § 2254 petition in this Court once he has completed the exhaustion of his state remedies.

C. **Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

D. **Motion for Leave to Proceed in Forma Pauperis**

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

6

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** as prematurely filed. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 27th day of January, 2023.

                                                        RODNEY W. SIPPEL
                                                        UNITED STATES DISTRICT JUDGE